USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAWNTAY RICARDO ALLEN,

Petitioner,

-v.-

U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondent.

26 Civ. 4142 (JHR)

MEMORANDUM OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

Petitioner Dawntay Ricardo Allen previously filed a *pro se* petition for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. On September 11, 2026, the Court granted the Petition in part and ordered Respondent to cause a burden-shifted bond hearing for Petitioner to be conducted before an immigration judge pursuant to 8 U.S.C. § 1226(a) by September 22, 2026 (the "Opinion & Order"). ECF No. 22. On September 22, 2026, Petitioner received a bond hearing before an immigration judge. ECF No. 30. The immigration judge denied bond. *Id.*

Before the Court is Petitioner's September 28, 2026 motion to enforce the Opinion & Order. ECF No. 31. Petitioner argues that his September 22, 2026 hearing did not comply with the Opinion & Order. *Id.* at 3-4. Specifically, Petitioner "requests that the Court direct [the Department of Homeland Security] to produce the transcripts of the bond proceedings and identify the evidence . . . relied upon to support the findings of danger to the community and flight risk." *Id.* at 7. Petitioner also requests that the Court "order his release, or in the alternative, grant such other relief as the Court deems just and proper." *Id.* Respondent essentially argues for "remand . . . for clarification and analysis of the legal standard," because "the immigration judge's oral decision, contained on the transcript, does not explicitly address

the applicable standard." ECF No. 36 at 1. Respondent also notes that "even where courts have found that a bond hearing failed to comply with an order directing a bond hearing with certain criteria, courts have ordered new or supplemental bond hearings." *Id.* at 2.

For the following reasons, Petitioner's motion is granted in part. Respondent is ORDERED to cause a supplemental burden-shifted bond hearing for Petitioner to be conducted before an immigration judge pursuant to 8 U.S.C. § 1226(a) by **November 12, 2026**.

## I. BACKGROUND[1]

The following facts are taken from the parties' submissions, including the record of Petitioner's immigration proceedings. *See* ECF Nos. 31, 36. The facts that are essential to the Court's holding are undisputed.

The Opinion & Order directed Respondent to provide Petitioner with an individual bond hearing before an immigration judge at which the Government "[would] bear the burden to prove that Petitioner is a danger to the community or a flight risk by clear and convincing evidence." ECF No. 22 at 13. Pursuant to the Opinion & Order, the bond hearing was scheduled for September 21, 2026. ECF No. 26.

Prior to the hearing, on August 28, 2026, Petitioner had "submitted evidence . . . with respect to a different custody hearing that [was] scheduled" before the Varick Street Immigration Court in New York. ECF No. 36 at 3; *see also* ECF No. 36-4 (Petitioner's August 28, 2026 evidentiary submission, including letters from his family, which was stamped as received by the Varick Street Immigration Court on September 2, 2026). That hearing "did not go forward," ECF No. 36 at 3, apparently because Petitioner was "moved from Orange County[, New York], to Pennsylvania," ECF No. 31 at 2; *see* ECF No. 23 (noting that Petitioner was transferred to the

[1] Familiarity with the facts, which are set forth in detail in the Opinion & Order, is assumed. *See* ECF No. 22.

Moshannon Valley Processing Center in Philipsburg, Pennsylvania because "the Orange County Jail terminated its contract with ICE"). Petitioner's "case was transferred to a different [immigration judge], but the evidentiary record from the prior proceeding"—that is, the evidence submitted on August 28, 2026 in anticipation of a different hearing, *see* ECF No. 36-4—"was not transferred" from the Varick Street Immigration Court to the new immigration judge. ECF No. 31 at 2.

On September 21, 2026, Petitioner appeared before the immigration court for the bond hearing scheduled pursuant to the Opinion & Order. *See* ECF No. 28. Because the immigration court had not received Petitioner's evidence, the immigration judge rescheduled the bond hearing for the next day, September 22, 2026. *Id.*

At the September 22, 2026 hearing, the immigration judge denied bond on the ground that Petitioner is a "danger to the community and also because he is a flight risk." ECF No. 36-1 at 13:22-24. Although the immigration judge acknowledged that the Opinion & Order "grant[ed] in part [Petitioner's] petition for habeas and direct[ed] [the immigration court] to conduct a bond hearing," he did not state the legal standard or otherwise refer to the burden of proof. *Id.* at 4:5-8; *see also* ECF No. 36 at 2 (letter from Respondent noting that "the immigration judge did not state the legal standard on the record," "the immigration judge's oral decision makes no reference to the standard," and the immigration judge "did not prepare a written decision memorializing the custody decision"). The immigration judge also had not received Petitioner's evidence, and it was not included in the record of proceedings. *See* ECF No. 31 at 2; ECF No. 36 at 3 ("The record of proceeding for the September 22 bond hearing contains only the evidence that ICE submitted."); ECF No. 36-1 at 6:15-7:5 (Petitioner explaining at the September 22, 2026 bond hearing that his evidence was sent to the Varick Street Immigration Court); ECF No. 36-3 (record of proceeding for the September 22, 2026 bond hearing).

On September 28, 2026, Petitioner filed the instant motion. ECF No. 31. Respondent filed a response on October 14, 2026, ECF No. 36, which attached as exhibits the transcript of the September 22, 2026 bond hearing, ECF No. 36-1; the immigration judge's bond order, ECF No. 36-2; the record of proceedings for the September 22, 2026 bond hearing, ECF No. 36-3; and Petitioner's August 28, 2026 evidentiary submission. ECF No 36-4.

## II. DISCUSSION

Petitioner argues that the September 22, 2026 bond hearing did not comply with the Opinion & Order directing Respondent to "provide Petitioner with a bond hearing at which the Government bore the burden of proving that Petitioner posed a danger to the community or a flight risk." ECF No. 31 at 1-2; *see id.* at 3-4 ("[T]his Court's order expressly placed [the] burden on the Government. The [immigration judge] therefore was required to decide whether the Government's actual evidence met that burden, rather than requiring Petitioner to disprove unsupported allegations."). Petitioner also asserts that the immigration judge "proceeded without [a] complete record and without considering Petitioner's supporting evidence," *id.* at 3, and that Respondent did not carry its burden to prove dangerousness or flight risk, *id.* at 4-7.

Respondent agrees that "the Court should remand the matter to the immigration judge" because "the immigration judge's oral decision, . . . does not explicitly address the applicable standard." ECF No. 36 at 1. Respondent notes that, "even where courts have found that a bond hearing failed to comply with an order directing a bond hearing with certain criteria, courts have ordered new or supplemental bond hearings." *Id.* at 2. Respondent also underscores that "review[ing] the bond hearing *de novo* or weigh[ing] the evidence" would be "outside the limited scope of a motion to enforce and . . . barred by . . . 8 U.S.C. § 1226(e)." *Id.* at 3.

Section 1226(e) provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or

denial of bond or parole." 8 U.S.C. § 1226(e). "[O]nce a federal court has entered judgment," however, "it has ancillary jurisdiction over subsequent proceedings necessary to vindicate its authority, and effectuate its decrees[,] . . . includ[ing] proceedings to enforce the judgment." *Zeiler v. Deitsch*, 500 F.3d 157, 170 (2d Cir. 2007) (quoting *Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000)). Accordingly, although this Court "does not have jurisdiction to review any discretionary judgment of the Immigration Judge with respect to the bond determination," it "retains jurisdiction to review whether [Petitioner] has 'received the due process to which he [was] entitled.'" *Roman v. Decker*, No. 20 Civ. 6752 (AJN), 2021 WL 3173138, at *2 (S.D.N.Y. July 27, 2021) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020); 8 U.S.C. § 1226(e)); *see R.R.M.C. v. Decker*, No. 22 Civ. 2952 (LGS), 2022 WL 4639674, at *3 (S.D.N.Y. Sept. 30, 2022) (noting that the court "lack[ed] jurisdiction to review the [immigration judge's] weighing of the evidence" but could properly consider "[w]hether Petitioner received the process he was due under the [court's prior] Order," including whether the immigration judge "appl[ied] the correct legal standard and to hold the government to its burden of proof").

Insofar as Petitioner challenges the immigration judge's weighing of the evidence, those arguments are barred under section 1226(e) and not considered here. *See Roman*, 2021 WL 3173138, at *2; *cf. Barbosa da Cunha v. Freden*, 175 F.4th 61, 72 (2d Cir. 2026) (observing that "a noncitizen detained under Section 1226 may appeal the Agency's custody determinations, including the setting of bond, to an immigration judge, and may appeal an immigration judge's redetermination to the Board of Immigration Appeals"); 8 C.F.R. § 1236.1(d)(3).

Regarding Petitioner's argument that his bond hearing did not comply with the Opinion & Order, however, it is unclear from the hearing transcript whether the immigration judge held the government to its burden to prove, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk. *See* ECF No. 36-1; ECF No. 36 at 1-2. The transcript

does not include any references to the burden of proof or the "clear and convincing evidence" standard. ECF No. 36-1. The Court therefore remands the matter to the immigration judge for a supplemental bond hearing. At that hearing, Respondent shall bear the burden of proof—and the immigration judge must make explicit findings, on the record and based on clear and convincing evidence—with respect to dangerousness or flight risk. *See, e.g.*, *C.R.C. v. Genalo*, No. 26 Civ. 2694 (JLR), 2026 WL 2283016, at *8 (S.D.N.Y. Aug. 7, 2026) (granting motion to enforce and "remand[ing] the matter to the [immigration judge] for a supplemental bond hearing" where immigration judge had failed to consider alternatives to detention pursuant to the court's order on the habeas petition, but denying petitioner's request for immediate release); *R.R.M.C.*, 2022 WL 4639674, at *5 (same); *Argueta Anariba v. Shanahan*, No. 16 Civ. 1928 (KBF), 2017 WL 3172765, at *4 (S.D.N.Y. July 26, 2017) (granting motion to enforce and remanding to immigration judge "for clarification and application of the correct standard" where immigration judge "may not have held the Government to its 'clear and convincing' burden of proof," but denying petitioner's request for immediate release); *Blandon v. Barr*, 434 F. Supp. 3d 30, 42 (W.D.N.Y. Jan. 22, 2020) (granting motion to enforce and remanding to immigration judge "to hold a bond hearing that complies with the [court's prior order]" where the Government had failed to satisfy its clear-and-convincing evidence burden, but denying petitioner's request for immediate release).

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion is granted in part. Respondent is ORDERED to cause a supplemental individualized bond hearing for Petitioner to be conducted before an immigration judge pursuant to 8 U.S.C. § 1226(a) by **November 12, 2026**. Petitioner shall be provided with an opportunity to submit evidence to the immigration court, such as his August 28, 2026 evidentiary submission to the Varick Street Immigration Court, ECF No. 36-4.

At the hearing, the Government shall bear the burden to prove that Petitioner is a danger to the community or a flight risk by clear and convincing evidence.

Respondent shall serve a copy of this Order on Petitioner and file proof of service on the docket no later than **November 4, 2026**. Respondent is further directed to file a letter updating the Court on the status of this matter by **November 9, 2026**.

The Clerk of Court is directed to terminate ECF No. 31.

SO ORDERED.

Dated: November 3, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge