UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRO SE

DAWNTAY RICARDO ALLEN,
Petitioner,

MEMO ENDORSED
(page 15)

v.

U.S. DEPARTMENT OF HOMELAND SECURITY,
Respondent.

Case No. 1:26-cv-04142 (JHR)

FILED
U.S. DISTRICT COURT
2026 NOV 17 PM 2:10
S.D. OF N.Y.

# PETITIONER'S MOTION TO ENFORCE THE COURT'S BOND-HEARING ORDER AND FOR FURTHER HABEAS RELIEF

**Supporting Memorandum of Law**

## I. Preliminary Statement and Relief Sought

Petitioner respectfully moves to enforce this Court's bond-hearing order and for further relief in this habeas proceeding. The facts and procedural history are already before the Court. Repeating them at length would obscure the narrow issue presented: whether the Immigration Court actually applied the

Government's burden of proof at the renewed bond hearing that Petitioner identifies as having occurred on November 12, 2026.

Petitioner does not ask this Court to substitute its discretionary assessment of bond for that of the Immigration Judge ("IJ"). He challenges the legal standard and procedures employed. He contends that the IJ again required him to disprove the Government's allegations rather than requiring the Government to justify continued detention by clear and convincing evidence. He further contends that the IJ relied on an inadequately supported INTERPOL printout and incorrectly treated his removal order as administratively final despite his pending appeal to the Board of Immigration Appeals ("BIA"). Petitioner seeks an order requiring Respondent to produce the complete renewed-hearing record, finding noncompliance if that record substantiates these allegations, and directing prompt corrective relief. He requests release on appropriate conditions if the Court concludes that the Government has failed to comply with its habeas remedy; alternatively, he requests a new, genuinely burden-shifted hearing subject to explicit safeguards and a short, definite deadline.

## II. Governing Legal Standard

### A. The Government's burden arises from due process and this Court's order.

This Court's September 12, 2026 Opinion and Order, ECF No. 22, required an individualized hearing under 8 U.S.C. § 1226(a), with the Government bearing the burden to establish danger to the community or flight risk by clear and convincing evidence. See *Allen v. U.S. Department of Homeland Security*, No. 1:26-cv-04142 (JHR), ECF No. 22 (S.D.N.Y. Sept. 11, 2026). Petitioner also invokes the subsequent corrective order described in his account of the proceedings. The operative orders must be examined together, and compliance requires application of the prescribed burden—not merely convening another hearing.

In *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020), the Second Circuit affirmed habeas relief for a detainee held under § 1226(a) whose prolonged detention had not been justified by the Government. The approved remedy was a new hearing at which the Government had to prove, by clear and convincing evidence, that the detainee was either a danger or a flight risk. That decision supports enforcement of the individualized constitutional remedy already ordered here; it does not mean that every initial § 1226(a) hearing automatically carries the same burden.

Petitioner accordingly does not characterize the clear-and-convincing requirement as a burden expressly imposed by § 1226(a) in all cases. *Jennings v. Rodriguez*, 583 U.S. 281 (2018), rejected a construction of the detention statutes requiring automatic periodic hearings and left the constitutional questions for further consideration. The controlling point here is the Government's obligation to comply with this Court's due-process order.

The order permits continued detention upon adequate proof of danger *or* flight risk; the Government need not prove both. But whichever ground is invoked must satisfy the ordered standard. Production of an allegation does not, by itself, transfer the ultimate burden of persuasion to Petitioner. The IJ must decide whether the Government's evidence meets its burden, rather than whether Petitioner has disproved the allegation.

**B. This motion challenges legal compliance, not unreviewable discretionary weighing.**

Petitioner recognizes the limitation on review of discretionary detention and bond judgments in 8 U.S.C. § 1226(e). The distinction between review of a discretionary result and review of the governing legal framework is reflected in *Jennings*, 583 U.S. 281, and in the procedural due-process challenge adjudicated in *Velasco Lopez*, 978 F.3d 842. This motion is directed to burden

allocation, application of the Court's order, and the legal premise concerning administrative finality. It is not a request to relitigate the merits of Petitioner's removal proceedings or simply to reweigh the IJ's factual findings.

## III. The Renewed Hearing Allegedly Repeated the Burden-Allocation Error

Petitioner submits that this Court required a renewed hearing because the prior hearing did not satisfy the ordered due-process protections. He contends that the November 12, 2026 hearing repeated the same defect: the IJ treated the Government's allegations as matters Petitioner had to negate, rather than testing whether the Government had affirmatively justified detention under the required standard.

A hearing cannot cure the violation if the detainee remains responsible for proving that he is not dangerous and will not flee. The ability to submit rebuttal evidence is not a substitute for proper allocation of the burden. Petitioner's community evidence must be considered, but any perceived weakness in his rebuttal cannot excuse the Government from meeting its own burden. See *Velasco Lopez*, 978 F.3d 842.

Petitioner also reports on- and off-the-record statements suggesting that the IJ was dissatisfied with this Court's direction to conduct another hearing. He

does not ask the Court to assume personal bias or to find that it has knowledge of statements outside the record. Those allegations should be evaluated only to the extent supported by the recording, transcript, or a declaration from a person with firsthand knowledge. The central issue remains objective: whether the hearing applied the legal standard this Court required.

The Court should require the complete recording or transcript and the IJ's written or oral reasons, identify who bore the burden in practice, and examine whether the denial rested on Government proof or on Petitioner's supposed failure to disprove the allegations. Exact hearing passages, rather than unsupported characterizations of the IJ's motives, should govern that inquiry.

## IV. The INTERPOL Proffer Must Be Tested for Reliability and Sufficiency

Petitioner describes the Government's proffer at the renewed hearing as an internet printout of an INTERPOL notice without meaningful corroboration. He contends that no extradition order or supporting statement from Jamaican law enforcement was presented at that hearing. His objection concerns what the Government actually established in the bond record, not a categorical claim

that an extradition proceeding is required before immigration detention can be justified.

INTERPOL explains that a Red Notice is an international request to locate and provisionally arrest a person pending extradition, surrender, or similar action; it is not itself an international arrest warrant. It is based on a warrant or court order from the requesting country, and a notice seeking prosecution is distinct from a conviction. See INTERPOL, *About Red Notices* (accessed Nov. 13, 2026). Thus, an authentic notice can communicate a foreign accusation without independently establishing the underlying conduct or the degree of risk necessary to justify detention in this case.

In *Gonzalez-Castillo v. Garland*, 47 F.4th 971 (9th Cir. 2022), the Ninth Circuit held that the particular Red Notice before it, standing alone, did not establish probable cause for the serious-nonpolitical-crime bar. The notice lacked adequate specifics and contained an apparent chronological inconsistency. The court declined to adopt a rule that a Red Notice can never suffice; its reasoning instead required attention to the particular document's reliability and probative value. That decision is persuasive, not binding in this Circuit, and concerns withholding of removal rather than bond. Petitioner cites it for

the narrower proposition that a notice cannot be treated as self-proving merely because it was circulated through INTERPOL.

Nor does the absence of a conviction categorically preclude a danger finding. *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006), permitted consideration of pending criminal charges supported by a detailed criminal complaint signed by a DEA agent and describing investigative evidence. Its ordinary detainee-burden framework cannot displace this Court's burden-shifting order. Its evidentiary holding also does not make every uncorroborated accusation sufficient under a clear-and-convincing standard.

The Court's September 11 opinion expressly references both an INTERPOL Red Notice at ECF No. 17-1 and a Jamaican arrest warrant at ECF No. 17-2. Petitioner therefore does not assert that the entire district-court record contains no Jamaican warrant. The relevant questions are whether those underlying materials were actually before the IJ at the renewed hearing, whether their identity, currency, factual basis, and reliability were addressed, and whether Petitioner had a meaningful opportunity to respond. Respondent should identify the complete evidence on which the IJ relied and explain how it satisfied the ordered burden.

Petitioner maintains that he has no criminal record in the United States or Jamaica. That assertion should be assessed against competent records, with a distinction between convictions and pending allegations. He further states that he departed Jamaica using a passport in his own name and traveled through other countries without detention. He offers that history as relevant to identity and alleged evasion, not as conclusive proof that no warrant existed: travel alone does not establish what notices were active, what authorities knew, or whether an arrest was legally required at a particular border. Petitioner's argument is therefore not that foreign allegations are legally irrelevant. It is that the IJ could not equate an internet allegation with clear and convincing proof, ignore material reliability objections, or require Petitioner to prove his innocence of the alleged foreign offense. The Government retained the obligation to establish the detention ground on the record actually presented.

**V. The Flight-Risk Analysis Must Account for the Pending Appeal and Individual Circumstances**

Petitioner states that the IJ repeatedly described him as subject to a final removal order and relied on that premise in finding flight risk. He maintains

that his first BIA appeal resulted in remand for legal and factual errors and that his appeal from the subsequent decision remains pending as of November 13, 2026.

Under 8 C.F.R. § 1241.1(a)–(c), an ordinary IJ removal order becomes administratively final upon BIA dismissal of an appeal, waiver of appeal, or expiration of the appeal period without an appeal, subject to the regulation's other specified circumstances. If Petitioner's timely direct merits appeal remains pending before the BIA and no other finality provision applies, treating the challenged IJ order as already administratively final is inconsistent with that framework. This argument is expressly conditioned on the actual BIA record; a petition for judicial review or a motion to reopen presents a different procedural question.

Petitioner does not contend that a pending appeal eliminates all possibility of flight risk. He argues that the IJ must assess the correct procedural posture and cannot presume imminent removal on a mistaken finality premise. He is pursuing review rather than abandoning the process. His claimed record of never missing court, strong community ties, possession of an employment authorization document, and willingness to accept DHS monitoring must be evaluated as part of an individualized assessment.

Those circumstances are not an automatic entitlement to release, and an employment authorization document is not itself a guarantee of attendance. But they are concrete considerations bearing on compliance and available release conditions. Petitioner offers to comply with reporting requirements, DHS monitoring, and other reasonable conditions. The Government must still prove danger or flight risk under the ordered standard; it cannot satisfy that obligation simply by labeling the removal order final or discounting Petitioner's evidence because he did not disprove the foreign allegations.

## VI. Requested Relief

For these reasons, Petitioner respectfully requests that the Court:

1. Direct Respondent promptly to file and serve the complete transcript or recording of the renewed bond hearing, the IJ's decision and reasons, all materials admitted or relied upon, and documentation of the current BIA appeal status.
2. Determine whether the renewed hearing complied with the operative orders, including whether the Government actually bore the burden to prove danger or flight risk by clear and convincing evidence and whether the IJ used a legally correct administrative-finality premise.

3. If noncompliance is established, enforce the habeas remedy by directing release subject to appropriate lawful conditions, or, alternatively, require a new hearing within seven days of the enforcement order or another short, definite period fixed by the Court.
4. For any corrective hearing, expressly require that the Government retain the burden of persuasion; that the IJ evaluate the reliability and factual support of the INTERPOL materials and any underlying warrant; that Petitioner have a meaningful opportunity to respond; and that the IJ explain the ruling under the correct standard on the record.
5. Require consideration of the actual BIA posture, Petitioner's appearance history and community evidence, and proposed reporting and monitoring conditions. If supported by the hearing record, direct Respondent to arrange for a different IJ to conduct the corrective hearing to ensure meaningful implementation of the Court's remedy.
6. Require a prompt compliance report, retain jurisdiction to assess implementation, and specify that failure to provide a compliant hearing within the deadline will result in release on appropriate lawful conditions unless the Court orders otherwise.

7. Grant such other relief as is necessary to enforce the Court's orders and protect Petitioner's due-process rights.

Petitioner is not seeking a presumption that every INTERPOL notice is false or that the IJ may never consider foreign charges. He seeks enforcement of the fundamental requirement already imposed in this case: the Government must justify continued detention under the correct burden of proof, and Petitioner cannot be made to carry that burden by disproving an allegation.

Respectfully submitted,

Dawntay Ricardo Allen

Petitioner

| | |
|---|---|
| Signature: | Dauntey Allen |
| Date: | 11/13/2026 |

**CERTIFICATE OF SERVICE**

I, Dawntay Ricardo Allen, proceeding pro se, certify that on 11/12/2026, 2026, I served a true and correct copy of the foregoing *Petitioner's Motion in Enforce the Courts Bond Hearing Order and Further habeas Relief r* by USPS first class mail upon the following:

**U.S. Department of Justice**

Civil Division

Office of Immigration Litigation

P.O. Box 878, Ben Franklin Station

Washington, DC 20044

**Civil Process Clerk**

United States Attorney's Office

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

**Office of the Chief Counsel**

Office of the Principal Legal Advisor

U.S. Immigration and Customs Enforcement

U.S. Department of Homeland Security

26 Federal Plaza

New York, NY 10278

Dated: 11/12/2026, 2026

Respectfully submitted,

Dawntay Allen

Dawntay Ricardo Allen, Pro Se

Mailing Address: DAWNTAY ALLEN A 245 822 361
MOSHANNON VALLEY PROCESSING CENTER
555 GEO DRIVE
~~Telephone~~:
~~Email~~: Phillispburg, PA 16866

By **November 23, 2026**, Respondent shall file a response to Petitioner's Motion to Enforce the Court's Bond Hearing Order, ECF No. 48. Respondent shall include a copy of the transcript of Petitioner's November 12, 2026 bond hearing. Respondent shall also address Petitioner's assertion that there were "on- and off-the-record statements suggesting that the IJ was dissatisfied with this Court's direction to conduct another hearing." ECF No. 48 at 5.

The Clerk of Court is directed to update Petitioner's address of record to:

Dawntay Ricardo Allen
A245-822-361
Moshannon Valley Processing Center
555 GEO Drive
Philipsburg, PA 16866

The Clerk of Court is further directed to mail a copy of this endorsement to Petitioner at his updated address of record. Respondent shall also serve a copy of this Order on Petitioner and file proof of service on the docket no later than **November 20, 2026**.

SO ORDERED.

Jennifer H. Rearden

Jennifer H. Rearden, U.S.D.J.
Dated November 19, 2026

Dawntay Allen.
MOSHANNON VALLEY PROCESSING CENTER
555 GEO DRIVE.
Phillisburg, PA 16866

Retail
U.S. POSTAGE PAID
FCM LG ENV
BRONX, NY 10472
NOV 13, 2026
10007
$2.27
RDC 99
0 Lb 3.00 Oz
S2324D501965-33

USMP SDNY

Pro Se

CLERK OF COURT
US DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET.
NEW YORK, NY 10007

FILED
U.S. DISTRICT COURT
2026 NOV 17 PM 2:10
S.D. OF N.Y.

RECEIVED
NOV 17 2026
CLERK'S OFFICE
S.D.N.Y.